Filed 7/30/14  In re M.L. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re M.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058914 |
| v. | (Super.Ct.Nos. INJ1300070 & MJ22231) |
| M.L., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Lawrence P. Best, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Susan Miller, Deputy Attorneys General, for Plaintiff and Respondent.

Following a contested jurisdictional hearing, the juvenile court found true that defendant and appellant M.L. (minor) committed two counts of assault with a deadly weapon other than a firearm, to wit, a knife and a baseball bat, in violation of Penal Code section 245, subdivision (a)(1). Minor was subsequently declared a ward of the court with "dual status" under Welfare and Institutions Code sections 602 and 241.1, subdivision (e), and detained in juvenile hall pending disposition. On appeal, minor contends that there is insufficient evidence to support the juvenile court's true finding that he committed an assault with a baseball bat. We reject this contention and affirm the judgment.

I

FACTUAL BACKGROUND

In February 2013, minor lived with his legal guardian and former brother-in-law, Manuel Osorio, in a mobile home park in Riverside County. On the morning of February 26, 2013, Osorio went to the store. When he returned home, he noticed that his bedroom door was unlocked and his "WI-FI" was missing. Osorio went to minor's room and knocked on the door. Osorio tried to open the door but it was locked. Minor was not allowed to lock his bedroom door so Osorio broke the door handle. When Osorio opened the door, minor was standing there and asked Osorio what he wanted. Osorio asked minor why he entered his room and where his "WI-FI" was. Minor denied taking anything and told Osorio to leave his room. When Osorio threatened to call the police, minor in a very aggressive and defensive tone replied, "'Call the fucking police.'"

Minor then demanded that Osorio leave the room. Minor stated that if Osorio did not leave, minor "would fuck [him] up." Minor grabbed a baseball bat and "tried to hit" Osorio with it. Osorio blocked the bat so "nothing happened." When asked to describe the incident, Osorio testified that minor "grabbed [the bat]" and "came at" him; Osorio then grabbed minor and "knocked the bat down" before minor was able to swing it. Minor then grabbed a knife from a nearby kitchen sink and "went at" Osorio with the knife.[1] Osorio grabbed minor from behind and restrained him as minor tried to stab Osorio about 10 to 12 times with the knife. Osorio eventually knocked minor to the floor and the knife dropped.

After Osorio kicked the knife away, he and minor "fought for a little while." Osorio was holding onto minor, trying to force minor away from the kitchen, where there were more knives. However, minor broke free, picked up a nearby fire extinguisher, and threw it at Osorio as Osorio was running to the front door of the trailer. The fire extinguisher hit the front door and Osorio went out to his front patio and yelled out for someone to call 911.

As Osorio was standing on the patio talking to a neighbor, minor came out of the trailer with a baseball bat and began walking towards Osorio. When minor was about two to three feet away from Osorio, minor "raised the bat as if he was going to hit" Osorio. Minor was very angry and told Osorio that he was going to kill him. Minor then

---

[1] Osorio had converted the living room into a bedroom when minor moved in. The room was very small and the kitchen sink was about three to four feet away from minor's bedroom door.

dropped the bat and grabbed a metal chair. He threw the chair at Osorio and the neighbor. Minor then picked up the bat again and started walking down the street. As he was leaving, minor told Osorio that when he came back he would "fuck [Osorio] up." Minor started running down the street and Osorio chased him. As they were running, Osorio called the police on his phone. Minor threw the bat in the street and Osorio picked the bat up and walked back to his trailer.

## II

## DISCUSSION

Minor contends there was insufficient evidence to support the juvenile court's true finding that he committed an assault with a deadly weapon. Specifically, he argues that there is no evidence to show that minor used the bat against Osorio or attempted to do so. In support, he relies on statements made by Osorio during trial. Specifically, on direct examination, Osorio stated that minor "tried to hit me, but nothing happened. I blocked it." And, on cross-examination, Osorio acknowledged that minor "never actually hit" him or swung at him with the bat. Thus, minor argues that picking up a bat is insufficient to support the assault allegation "absent any evidence that he attempted to use it." We disagree. Minor's argument improperly emphasizes only the evidence in his own favor and is contrary to the case law on assault.

As a reviewing court, we "'review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of

4

fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Hillhouse* (2002) 27 Cal.4th 469, 496; see also *Jackson v. Virginia* (1979) 443 U.S. 307, 319.) We presume the existence of every fact the trier of fact reasonably could deduce from the evidence that supports the judgment. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) A judgment will not be reversed for insufficiency unless "'upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].'" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) The same standard of review for sufficiency of the evidence applies to both adult and juvenile proceedings. (*In re Cheri T.* (1999) 70 Cal.App.4th 1400, 1404; *In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088.)

Penal Code section 245, subdivision (a)(1), penalizes the commission of an assault "with a deadly weapon or instrument other than a firearm." An object not inherently deadly may be used as a deadly weapon if used in such a manner as to be capable of producing, and likely to produce, death or great bodily injury. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028-1029.) Penal Code section 240 defines an "assault" as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

"Assault requires the willful commission of an act that by its nature will probably and directly result in injury to another (i.e., a battery), and with knowledge of the facts sufficient to establish that the act by its nature will probably and directly result in such injury. [Citation.]" (*People v. Miceli* (2002) 104 Cal.App.4th 256, 269.) Assault and assault with a deadly weapon are general intent crimes that do not require a specific

intent to injure the victim or a subjective awareness of the risk that an injury might occur. (*People v. Williams* (2001) 26 Cal.4th 779, 788, 790.) "Rather, assault only requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." (*Id*. at p. 790; see *People v. Wyatt* (2010) 48 Cal.4th 776, 779.)

Reviewing the matter under the appropriate standard of review, we conclude that the evidence was sufficient to support a true finding that minor assaulted Osorio with a baseball bat. Minor did not merely hold the bat without moving. In the first incident, he picked up the baseball bat and "came at" Osorio and "tried to hit" Osorio with the bat. Minor's actions were of a readiness to strike. The only reason minor did not succeed in hitting Osorio was because Osorio was able to knock the bat out of minor's hand. Minor was clearly angry, and standing within striking distance from Osorio. Minor was standing a few feet away from Osorio as minor came at Osorio with the bat in the bedroom. Thus, if Osorio had not knocked the bat out of minor's hand, minor would have swung the bat and hit Osorio. In the second incident, minor came out of the trailer with the bat raised as if he was going to strike Osorio with it. Osorio was standing about two feet away from minor at that time. All the evidence, viewed in the light most favorable to the judgment, supports the conclusion that a rational trier of fact could have

found the essential elements of the offense beyond a reasonable doubt.[2] (See *People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

Minor mistakenly believes that his actions did not amount to an unlawful attempt to commit a battery or that he had the present ability to assault Osorio with the bat. Numerous California cases establish that an assault may be committed even if the defendant is several steps away from actually inflicting injury, or if the victim is in a protected position so that injury would not be "'immediate'" in the strictest sense of that term. (*People v. Chance* (2008) 44 Cal.4th 1164, 1168, fn. omitted; see *People v. Aguilar, supra,* 16 Cal.4th at p. 1028 ["One may commit an assault without making actual physical contact with the person of the victim; because the statute focuses on *use* of a deadly weapon or instrument . . . .]; *People v. Colantuono* (1994) 7 Cal.4th 206, 219 ["As this court explained more than a century ago, 'Holding up a fist in a menacing manner, drawing a sword, or bayonet, presenting a gun at a person who is within its range, have been held to constitute an assault'"]; *People v. Wright* (2002) 100 Cal.App.4th 703, 716 (italics omitted) ["rushing towards another with menacing gestures, and with a purpose to strike, is an assault, though the accused is prevented from striking before he comes near enough to do so . . . ."].)

---

[2] The elements of assault with a deadly weapon other than a firearm are the general intent to willfully commit an act the direct, natural and probable consequences of which, if successfully completed, would be the injury to another; the awareness of facts that would lead a reasonable person to realize that the act would result in physical force being applied to another person; and the present ability to apply such physical force on another. (*People v. Miller* (2008) 164 Cal.App.4th 653, 662-663.)

Based on the foregoing, substantial evidence supports the juvenile court's finding that minor committed an assault with a baseball bat.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


RICHLI
J.


MILLER
J.